```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JASPER LEE BRANCH, JR.                          CIVIL ACTION

v.                                              NO. 11-2912

PATRICK R. DONAHOE, POSTMASTER GENERAL,         SECTION "F"
UNITED STATES POSTAL SERVICE
```

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to the defendant's motion to dismiss, noticed for submission on April 11, 2012, has been submitted.

Accordingly, the motion is deemed to be unopposed, and further, it appearing to the Court that the motion has merit,[1] IT

---

[1] In his complaint, the plaintiff, *pro se*, asks this Court "to review a recent denial from the EEOC Appeal No. 0120112070 (July 21, 2011)." (Plaintiff worked for the U.S. Postal Service as a distribution clerk in New Orleans and voluntarily took disability retirement from the USPS in 1999. Plaintiff contacted an Equal Employment Opportunity counselor at the USPS on December 9, 2010). In his motion to dismiss, the defendant contends that: (1) the Court lacks subject matter jurisdiction over the plaintiff's EEO claims (in which he alleged discrimination based on retaliation and mental disability) because the claims were not timely exhausted at the administrative level; and (2) the plaintiff fails to state a claim for relief from the denial of workers' compensation benefits because the Secretary of Labor is vested with the exclusive power to administer and decide all questions arising under the Federal Employees' Compensation Act. The Court agrees.

  It is well-settled that prior to bringing a suit for employment discrimination, a federal employee must timely exhaust his administrative remedies. See Fitzgerald v. Sec'y, U.S. Dep't of Veterans Affairs, 121 F.3d 203, 206 (5th Cir. 1997). Federal regulations require an employee who believes that he has been discriminated against on the basis of race, color, religion, sex,

1

IS ORDERED that the defendant's motion to dismiss is GRANTED as unopposed.  The plaintiff's lawsuit is hereby dismissed.

New Orleans, Louisiana, April 11, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

national origin, age, or disability to initiate contact with an EEO counselor within 45 days of the effective date of the action.  29 C.F.R. § 1614.105(a)(1).  Failure to do so bars review of the claim in federal court absent waiver, estoppel, or equitable tolling. Pacheco v. Rice, 966 F.2d 904, 905 (5th Cir. 1992)(citation omitted).  The record demonstrates that the plaintiff left the USPS in 1999 but that he did not contact an EEO counselor until 2010. The defendant suggests that, here, the plaintiff might seek to rely on tolling to save his failure to timely exhaust his remedies. But, as the defendants have noted, "courts that have allowed equitable tolling based on mental illness have done so only in exceptional circumstances, such as where the complainant is institutionalized or adjudged mentally incompetent."  Vidal v. Chertoff, 293 Fed.Appx. 325, 329 (5th Cir. 2008)(citing Lyons v. Potter, 521 F.3d 981, 983 (8th Cir 2008)).  The record demonstrates that the plaintiff pursued several claims in various forums over the years such that his simple assertion of mental disability does not rise to the level of exceptional circumstances to warrant tolling.  Having failed to respond to the defendant's motion, the plaintiff can not carry his burden of demonstrating that equitable tolling would apply.

Plaintiff fails to state a claim for workers' compensation benefits because such a claim cannot be pursued against the defendant here in this Court.  FECA provides compensation benefits for a federal employee's personal injuries "sustained while in the performance of his duty."  5 U.S.C. § 8102(a).  However, this remedy is exclusively administrative and, therefore, not subject to judicial review.  5 U.S.C. § 8124(b); § 8128(b); Grijalva v. United States, 781 F.2d 472, 474 (5th Cir. 1986). The Secretary of Labor is vested with the power to "administer, and decide all questions arising under" the FECA and his action in denying or granting compensation is final and conclusive and may not be reviewed by a court of law. See 5 U.S.C. § 8128(b)(1), (2) and 5 U.S.C.  § 8145.

2