UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JASPER LEE BRANCH, JR.                          CIVIL ACTION

v.                                              NO. 11-2912

PATRICK R. DONAHOE,                             SECTION "F"
POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE

ORDER AND REASONS

Before the Court is the plaintiff's motion to reconsider this Court's April 11, 2012 Order dismissing the plaintiff's case. For the reasons that follow, the motion to reconsider is DENIED.

Background

This litigation arises out of a retired distribution clerk's discrimination claims against the Postmaster General of the United States Postal Service.

Jasper Lee Branch, Jr. worked for the United States Postal Service as a distribution clerk at the New Orleans Processing & Distribution Center; he voluntarily took disability retirement from the USPS with an effective date of January 25, 1999. Since retiring, Branch has filed claims with the Merit Systems Protection Board, Equal Employment Opportunity Commission, Department of Veterans Affairs, and Employees' Compensation Appeals Board.

On December 9, 2010 Branch contacted an Equal Employment Opportunity counselor at the USPS and then completed an Information for Pre-Complaint Counseling; he then filed a formal EEO complaint

1

of discrimination on December 31, 2010.  Almost one week later, the USPS issued a Dismissal of Formal EEO Complaint in which the USPS defined Branch's EEO issues:

> The Complainant alleges discrimination based on Retaliation (prior EEO activity) and Mental Disability (unspecified) when:
>
> 1.  On November 15, 2010, the Department of Labor, Employees' Compensation Appeals Board (EACB) affirmed the Office of Workers' Compensation Programs' (OWCP) decision to deny Complainant's request to reopen his injury case. 2.  On unspecified date(s) Complainant alleged unfair personnel practice in that the Employee Assistance Program (EAP) failed to assist an enrolled employee as they had a duty to and that he was retaliated against for contacting his Congressman.  Complainant also stated "no bathroom privileges without AWOL (absent without official leave); ordered for Pysco (sic) evaluation; the posting of my picture.

The USPS found that the first issue was a collateral attack on an adjudicatory decision of the Department of Labor's ECAB, and should not be subject to an EEO claim.  Respecting the second issue, the USPS found that the Branch's complaint was untimely brought to the attention of the EEO counselor.

Branch appealed the dismissal to the EEOC's Office of Federal Operations, which affirmed the USPS's decision to dismiss Branch's EEO complaint.  Branch sought reconsideration, but the Office of Federal Operations denied the petition on November 4, 2011.

On November 28, 2011 Branch, *pro se* and *in forma pauperis*, sued Patrick Donahoe, Postmaster General, United States Postal Service, in this Court.  On March 19, 2012 the defendant moved to dismiss the plaintiff's complaint; the motion was set for hearing

2

on April 11, 2012.  The motion to dismiss and attending exhibits was served, via first class mail, on the plaintiff.  The plaintiff did not file an opposition to the motion and on April 11, 2012 the Court granted the USPS's motion to dismiss, noting that it was unopposed and also finding that the defendant's motion had merit. The plaintiff now seeks reconsideration of the Court's April 11, 2012 Order and Reasons.

I.

Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  Fed.R.Civ.P. 59(e). Rule 60(b), on the other hand, applies to motions filed after the 28-day period, but demands more "exacting substantive requirements."  See Lavespere v. Niagara Machine & Tool Works, 910 F.2d 167, 173-74 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1078 (5th Cir. 1994)(en banc).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'"  Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)).  Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  Id. at 478-79.

3

Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.  See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010)("a motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued'")(citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)(quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)).  The grant of such a motion is an "extraordinary remedy that should be used sparingly." Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., 114 Fed.Appx. 137, 143 (5th Cir. Nov. 11, 2004) (citing Templet, 367 F.3d at 479).  The Court must balance two important judicial imperatives in deciding whether to reopen a case in response to a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts." Templet, 367 F.3d at 479.

Because the Court entered the challenged Order on April 11, 2012, and the plaintiff filed his motion to reconsider 12 days later, the motion to amend is timely under Rule 59(e).

4

II.

In support of his request for reconsideration, Branch suggests that he never received the defendant's motion to dismiss; rather, he contends that he has only received two documents from the Court -- the scheduling order and the April 11 Order and Reasons -- but "No other Notice for [Dismissal] to response [sic] to[]."  The defendant counters that it properly served the plaintiff with a copy of its motion to dismiss when it mailed to the plaintiff's last known address the motion and accompanying exhibits.[1] Moreover, the defendant contends that it is clear from the exhibits submitted by the defendant that the plaintiff was untimely in pursuing his EEO remedies and, therefore the Court has no jurisdiction over the plaintiff's EEO claims even if the Court were inclined to grant reconsideration.  Furthermore, the defendant contends that the law is clear that the plaintiff has no remedy in this Court for review of the denial of worker's compensation benefits and, therefore, this Court was correct in finding that the USPS's motion to dismiss had merit.  The Court agrees.

The plaintiff requests an opportunity to continue with his case, but he fails to present any arguments that would show the Court that it had erred in its legal and factual analysis that supported its April 11, 2012 ruling.  In fact, this Court proceeded

---

[1]The defendant invokes Federal Rule of Civil Procedure 5(b)(2) and Local Rule 5.4.

5

to address the merits of the motion to dismiss, and determined that
the motion indeed had merit, specifically observing with clarity
that:

> ...
>
> It is well-settled that prior to bringing a suit for
> employment discrimination, a federal employee must timely
> exhaust his administrative remedies. See Fitzgerald v.
> Sec'y, U.S. Dep't of Veterans Affairs, 121 F.3d 203, 206
> (5th Cir. 1997). Federal regulations require an employee
> who believes that he has been discriminated against on
> the basis of race, color, religion, sex, national origin,
> age, or disability to initiate contact with an EEO
> counselor within 45 days of the effective date of the
> action. 29 C.F.R. § 1614.105(a)(1). Failure to do so
> bars review of the claim in federal court absent waiver,
> estoppel, or equitable tolling. Pacheco v. Rice, 966
> F.2d 904, 905 (5th Cir. 1992)(citation omitted). The
> record demonstrates that the plaintiff left the USPS in
> 1999 but that he did not contact an EEO counselor until
> 2010. The defendant suggests that, here, the plaintiff
> might seek to rely on tolling to save his failure to
> timely exhaust his remedies. But, as the defendants have
> noted, "courts that have allowed equitable tolling based
> on mental illness have done so only in exceptional
> circumstances, such as where the complainant is
> institutionalized or adjudged mentally incompetent."
> Vidal v. Chertoff, 293 Fed.Appx. 325, 329 (5th Cir.
> 2008)(citing Lyons v. Potter, 521 F.3d 981, 983 (8th Cir
> 2008)). The record demonstrates that the plaintiff
> pursued several claims in various forums over the years
> such that his simple assertion of mental disability does
> not rise to the level of exceptional circumstances to
> warrant tolling. Having failed to respond to the
> defendant's motion, the plaintiff can not carry his
> burden of demonstrating that equitable tolling would
> apply.
>    Plaintiff fails to state a claim for workers'
> compensation benefits because such a claim cannot be
> pursued against the defendant here in this Court. FECA
> provides compensation benefits for a federal employee's
> personal injuries "sustained while in the performance of
> his duty." 5 U.S.C. § 8102(a). However, this remedy is
> exclusively administrative and, therefore, not subject to
> judicial review. 5 U.S.C. § 8124(b); § 8128(b); Grijalva
> v. United States, 781 F.2d 472, 474 (5th Cir. 1986). The

> Secretary of Labor is vested with the power to "administer, and decide all questions arising under" the FECA and his action in denying or granting compensation is final and conclusive and may not be reviewed by a court of law. <u>See</u> 5 U.S.C. § 8128(b)(1), (2) and 5 U.S.C. § 8145.

<u>See</u> Order and Reasons dated April 11, 2012, p.1-2 at n.1.[2]  The plaintiff does not challenge this Court's findings and has not demonstrated that reconsideration is warranted.  Accordingly, the plaintiff's motion for reconsideration is DENIED.

New Orleans, Louisiana, June 5, 2012

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2]The Court notes that the Federal Rules do not require that district courts state their findings or conclusions when ruling on a motion under Rule 12 or 56.  <u>See</u> Fed.R.Civ.P. 52(a)(3).